DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Jeffrey L. Mack, appeals his sentence and the decision of the Medina County Court of Common Pleas denying his motion to withdraw his guilty plea.
 {¶ 2} An indictment was filed against Defendant on December 23, 2003, charging him with two counts of aggravated robbery under R.C. 2911.01(A), felonies of the first degree, and one count of misuse of credit cards in violation of R.C. 2913.21(B)(2), a first degree misdemeanor. Repeat Violent Offender Specifications for the two counts of aggravated robbery were added by supplemental indictment on December 31, 2003.
 {¶ 3} Jury selection for Defendant's trial commenced on December 6, 2004. The next day, after the trial judge conducted a hearing on the matter, Defendant changed his plea from not guilty to guilty. On January 11, 2005, Defendant filed a motion to withdraw his guilty plea. The trial court conducted a hearing on Defendant's motion on February 14, 2005. After considering the arguments in favor and against Defendant's motion, the trial court denied Defendant's motion to withdraw his guilty plea. Defendant was thereafter sentenced to a total prison term of twenty-three years; ten years each for the two counts of Aggravated Robbery to be served consecutively, three years on the two repeat violent offender specifications to be served concurrently, and six months on count three, misuse of credit cards, to be served concurrently with the sentences imposed on the first two counts.
 {¶ 4} Defendant now appeals, asserting three assignments of error for our review. We will discuss Defendant's first and second assignments of error together.
 ASSIGNMENT OF ERROR I
"The trial court erred by accepting [Defendant's] guilty pleas to all charges set forth in the indictment, where those pleas were not knowingly, voluntarily, and intelligently made in violation of constitutional due process requirements."
 ASSIGNMENT OF ERROR II
"The trial court abused its discretion by denying [Defendant's] motion to withdraw his guilty plea to the indictment."
 {¶ 5} In his first two assignments of error, Defendant claims that the trial court abused its discretion in denying his motion to withdraw his guilty plea. We disagree.
 {¶ 6} Crim.R. 32.1 permits a defendant to file a pre-sentence motion to withdraw his plea. Although "a pre-sentence motion to withdraw a guilty plea should be freely and liberally granted," a defendant has no absolute right to withdraw a guilty plea before sentencing. State v. Xie
(1992), 62 Ohio St.3d 521, 527. Instead, a defendant bears the burden of providing a reasonable and legitimate reason for withdrawing his guilty plea. State v. Van Dyke, 9th Dist. No. 02CA008204, 2003-Ohio-4788, at ¶ 10.
 {¶ 7} An appellate court is not permitted to perform a de novo review of the trial court's decision with respect to a withdrawal of a guilty plea. Xie, 62 Ohio St.3d at 527. Rather, the appellate standard of review for a motion to withdraw a guilty plea is limited to a determination of an abuse of discretion. State v. Honorable (Sept. 23, 1987), 9th Dist. No. 13076, at 3, citing State v. Peterseim (1980), 68 Ohio App.2d 211, paragraph two of the syllabus. An abuse of discretion is more than an error of judgment; it implies a decision that is "unreasonable, arbitrary, or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151,157. Unless it is established that the trial court acted unjustly or unfairly, an appellate court cannot find that an abuse of discretion occurred. Xie, 62 Ohio St.3d at 526, quoting Barker v. United States
(C.A.10, 1978), 579 F.2d 1219, 1223.
 {¶ 8} A trial court does not abuse its discretion in denying a motion to withdraw a pre-sentence plea where three elements are met. State v.Robinson, 9th Dist. No. 21583, 2004-Ohio-963, at ¶ 30. First, the defendant must have been represented by competent counsel; second the court must provide the defendant a full Crim.R. 11 hearing prior to accepting the original guilty plea; and, finally, the court must provide a full hearing to the defendant, considering all the arguments in favor of withdrawal of his plea, before rendering a decision on the motion. Id.
 {¶ 9} In the instant case, Defendant does not argue that he was denied a hearing before entering his plea or after he filed his motion to withdraw his plea, rather, he maintains that his trial counsel was incompetent and he alleges that his guilty plea was not made knowingly, voluntarily or intelligently.
 {¶ 10} Turning first to Defendant's argument that his trial counsel was incompetent we note that in determining whether a defendant's right to effective assistance of counsel has been violated, we consider whether counsel violated any of the essential duties owed to the defendant and whether prejudice arose from such violations. See Strickland v.Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674; State v. Calhoun
(1999), 86 Ohio St.3d 279, 289.
 {¶ 11} Licensed attorneys are presumed competent in Ohio. State v.Lytle (1976), 48 Ohio St.2d 391, at 397. Defendant must overcome the "presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland, 466 U.S. at 689, quoting Michel v. Louisiana (1955), 350 U.S. 91, 101, 100 L.Ed. 83. Prejudice exists where the trial result would have been different but for the alleged deficiencies of counsel. State v. Bradley (1989),42 Ohio St.3d 136, at paragraph three of the syllabus. Defendant bears the burden of proof, and must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 48, quoting Strickland, 466 U.S. at 687.
 {¶ 12} This Court may dispose of a claim of ineffective assistance of counsel by analyzing only the second prong of the test where defendant fails to show sufficient resulting prejudice. In re J.J., 9th Dist. No. 21386, 2004-Ohio-1429, at ¶ 16.
 {¶ 13} In the case at hand, Defendant maintains that his trial counsel was ineffective by failing to:
"(1) raise the issue of the altered suppression hearing and videotape deposition transcripts concerning Officer Steve Hoover's testimony before trial; (2) subpoena Henry Smith, another suspect in the charged offenses, as a defense witness for trial; and (3) object to the State providing last-minute discovery in the case just before trial."
Regarding Defendant's allegations of altered evidence, we find no support for his contentions, and thus cannot say that Defendant's trial counsel prejudiced Defendant for failing to raise an unsubstantiated claim. Trial counsel's decision not to subpoena Henry Smith, who was for a brief period considered a suspect in the case, and then was ruled out, also cannot be said to have prejudiced Defendant. Defendant's third argument as to how his trial attorney was incompetent is that his attorney did not object to the State's introduction of a computer print-out showing that the stolen credit card in question was used at a Speedway at 11:28. Again, Defendant has failed to show how prejudice resulted from trial counsel's actions. Defendant does not even allege that but for his trial counsel's actions he would not have plead guilty.
 {¶ 14} We find that defendant has failed to show that prejudice resulted from trial counsel's acts. "A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound strategy." State v. Watson (July 30, 1997), 9th Dist. No. 18215, at 4. Debatable trial strategies do not constitute ineffective assistance of counsel. See State v. Gales (Nov. 22, 2000), 9th Dist. No. 00CA007541, at 17-20. As Defendant has failed to show that any prejudice resulted from his trial counsel's performance, we overrule his argument that he received ineffective assistance of counsel.
 {¶ 15} Defendant next claims that his motion to withdraw his guilty plea should have been granted because he did not enter into the plea knowingly and intelligently. Defendant states that he was in emotional distress during the change of plea hearing and that he was unduly pressured by his family members to plead guilty, which made his plea unknowing, involuntary and unintelligent.
 {¶ 16} In determining whether a guilty plea was entered into voluntarily, intelligently, and knowingly, we look to the totality of the circumstances. State v. Nero (1990), 56 Ohio St.3d 106, 108. A guilty plea must be `"a voluntary and intelligent choice among the alternative courses of action open to the defendant."' State v. Sims (May 24, 1995), 9th Dist. Nos. 16841 and 16936, at 3, quoting North Carolina v. Alford
(1970), 400 U.S. 25, 31, 27 L.Ed.2d 162. Crim.R. 11 requires a meaningful dialogue between the court and the defendant to insure that the defendant entered his guilty plea both knowingly and intelligently. The Ohio Supreme Court has held that:
"Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made." State v. Piacella
(1971), 27 Ohio St.2d 92, at syllabus.
 {¶ 17} In this case, the evidence on record indicates that Defendant entered his guilty plea both knowingly and voluntarily. The trial court conducted a hearing in which the judge questioned Defendant about his guilty plea, his understanding of such plea, and the other options that were open to him. Trial counsel was present at the time of the hearing and gave competent advice, in light of the circumstances. Defendant was made aware that had he not entered a guilty plea, he could be facing forty years in jail rather than the twenty-three he was told he would receive upon entering the guilty plea. Based on a review of the record, we find that Defendant did enter his guilty plea voluntarily, knowingly, and intelligently.
 {¶ 18} In light of the above, we find that Defendant has failed to meet his burden of proving that a reasonable and legitimate reason existed for withdrawing his guilty plea. Van Dyke, 2003-Ohio-4788, at ¶ 10. Therefore, we overrule Defendant's first and second assignments of error and affirm the trial court's decision denying his motion to withdraw his guilty plea.
 ASSIGNMENT OF ERROR III
"The prison sentence imposed on [Defendant] by the trial court is not supported by the record, is contrary to law, and violates the dictates ofBlakely v. Washington (2004), * * * 124 S.Ct. 2531[.]"
 {¶ 19} In his final assignment of error, Defendant maintains that the trial court erred in sentencing him to twenty three years in prison. We disagree.
 {¶ 20} Pursuant to R.C. 2953.08(G)(2), an appellate court may modify a sentence that is appealed from if it clearly and convincingly finds that the trial court's findings are not supported by the record, or that the sentence is contrary to law. We do not clearly or convincingly find either.
 {¶ 21} We note, as an initial matter, that when Defendant entered into his guilty plea, the twenty three year prison term had been agreed upon with a stipulation that the trial court could, in its discretion, sentence Defendant to a term of less than twenty three years if it believed that a shorter sentence to be appropriate. At the sentencing hearing, the trial court determined that the agreed upon prison term of twenty three years was appropriate in light of the factors surrounding the offenses that Defendant had plead guilty to.
 {¶ 22} Defendant cites to Blakely, supra, for the proposition that the trial court erred in imposing maximum sentences upon him. However, Defendant's sentence for two aggravated robbery counts each with repeat violent offender specifications was not beyond the statutory maximum. As we ruled previously, Blakely is inapplicable when a sentence does not exceed the statutory maximum, thus, Blakely is inapplicable to the case at hand. See State v. Jenkins, 9th Dist. No. 22008, 2005-Ohio-11.
 {¶ 23} Regarding the imposition of consecutive sentences, Defendant argues that while the trial court made the proper findings pursuant to R.C. 2929.14(E)(4), it did not provide its reasons, on the record, for imposing consecutive sentences as required by R.C. 2929.19(B)(2)(c). We find otherwise. R.C. 2929.19(B)(2) provides that "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed * * * [i]f it imposes consecutive sentences under section 2929.14 of the Revised Code[.]"
R.C. 2929.14(E)(4) provides as follows:
"If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 24} Pursuant to R.C. 2929.14(E)(4)(a), the trial court found, on the record, that the crimes were committed while Defendant was under a post-release control sanction. In accordance with the requirements of R.C. 2929.14(E)(4), the trial court further found that Defendant's "criminal history shows that consecutive [prison] terms are needed to protect the public[.]" The trial court went on to state that Defendant's "consecutive prison sentence is as a result of a harm being so great and unusual that a single term would not adequately protect the public or punish the offender, and does not reflect the seriousness of the offense and the crimes committed on these victims."
 {¶ 25} In light of the above findings, we conclude that the trial court provided sufficient reasons for its decision to impose consecutive, maximum prison terms as required by R.C. 2929.19(B)(2)(c) and R.C. 2929.14(E)(4). Defendant's third assignment of error is overruled.
 {¶ 26} We overrule Defendant's three assignments of error and affirm the trial court's sentence and its decision denying Defendant's motion to withdraw his guilty plea.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J., Carr, J., concur.