OPINION
{¶ 1} Kyle Carver, Sr. appeals from an order denying his petition to vacate or set aside sentence. We will affirm.
 {¶ 2} Carver advances two assignments of error as follows:
 {¶ 3} "1. APPELLANT WAS DENIED REASONABLE NOTICE OF ORDER *Page 2 
WHICH IS REQUIRED TO BE GIVEN TO PARTIES BY DECIDING COURT TO PROTECT PARTIES RIGHT TO APPEAL.
 {¶ 4} "2. THE TRIAL COURT ERRORED [sic] BY DISMISSING APPELLANT'S POST-CONVICTION PETITION, WHERE HE PRESENTED SUFFICIENT OPERATIVE FACTS AND SUPPORTING EXHIBITS TO MERIT AN EVIDENTIARY HEARING AND DISCOVERY."
 {¶ 5} The trial court denied Carver's petition as untimely because it was filed September 7, 2006, which was more than 180 days after his trial transcript was filed in the court of appeals in his direct appeal. R.C. 2953.21(A)(2).
 {¶ 6} Carver claims in his first assignment that no notice was given that four videotapes were filed November 18, 2005. However, the record of this court contains a copy of the App. R. 11(B) notice sent to appointed appellate counsel on November 18, 2005, which stated that the transcript of proceedings was filed November 18, 2005. The videotapes constituted the transcript of proceedings. App. R. 9(A). Service on a party represented by counsel shall be made on that counsel. App. R. 30(A). Thus, Carver was notified that the transcript was filed November 18, 2005, and the trial court properly determined that the 180 day period within which to petition for post-conviction relief began on that date. The trial court also correctly determined that Carver failed to establish a R.C. 2953.23(A) basis for extending the 180 days time limit.
 {¶ 7} The trial court properly determined it lacked jurisdiction to consider Carver's petition, Id., and properly overruled it.
 {¶ 8} The first assignment is overruled. *Page 3 
 {¶ 9} Based on our disposition of Carver's first assignment, his second assignment is overruled as moot.
 {¶ 10} The judgment will be affirmed.
BROGAN, J. and DONOVAN, J., concur.
Copies mailed to:
Jill R. Sink
Kyle L. Carver, Sr.
 Hon. Barbara P. Gorman *Page 1