OPINION
{¶ 1} Mark Nason appeals from his conviction of theft of an automobile pursuant to his no-contest plea. On December 17, 2007, Nason was sentenced to a fifteen month prison term and ordered to pay court costs. On May 12, 2008, Nason moved to vacate *Page 2 
the trial court's termination entry which ordered him to pay court costs. Three days later the trial court overruled his motion on the basis it lacked jurisdiction to amend the sentencing entry.
 {¶ 2} Nason's appointed lawyer states he can find no merit to any claim of error except that the trial court may have by oversight ordered Nason to pay court costs despite his indigency.
 {¶ 3} In State v. Clevenger, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, the Supreme Court held that a trial court may not suspend court costs previously imposed on a criminal defendant absent statutory authority. The court also held that a trial court may waive the payment of court costs previously imposed on a defendant only upon statutory authority and only if the defendant moves for waiver of costs at the time of sentencing.
 {¶ 4} It is thus clear that a trial court may impose court costs upon an indigent. In this matter the trial court clearly imposed costs upon Nason in the sentencing entry. Because Nason entered a no-contest plea, the court costs imposed by the court were not substantial. (See cost bill mailed by clerk to Nason on January 9, 2008.)
 {¶ 5} We have reviewed the record and are in agreement with Nason's counsel that there is no merit to Nason's appeal. The Judgment of the trial court is Affirmed.
 WOLFF, P.J., and FAIN, J., concur. *Page 1