THE STATE EX REL. MACK, APPELLANT, *v.* COLLIER, JUDGE, APPELLEE.

[Cite as *State ex rel. Mack v. Collier,* 129 Ohio St.3d 497, 2011-Ohio-4188.]

*Mandamus — Writ sought to compel common pleas court judge to correct an error in a resentencing entry — Court of appeals' dismissal of petition for writ affirmed.*

(No. 2011-0719 — Submitted August 8, 2011 — Decided August 30, 2011.)

APPEAL from the Court of Appeals for Medina County, No. 10CA0119-M.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals dismissing the complaint of appellant, Jeffery Mack, for a writ of mandamus to compel appellee, Medina County Court of Common Pleas Judge Christopher J. Collier, to hold a de novo resentencing hearing to correct an error in a sentencing entry that allegedly violated Crim.R. 32(C). " '[T]he remedy for a failure to comply with Crim.R. 32(C) is a revised sentencing entry rather than a new hearing.' " *State ex rel. Scheck v. Collier*, 128 Ohio St.3d 316, 2011-Ohio-233, 943 N.E.2d 1022, ¶ 1, quoting *State ex rel. Alicea v. Krichbaum*, 126 Ohio St.3d 194, 2010-Ohio-3234, 931 N.E.2d 1079, ¶ 2. In addition, any error regarding the failure to hold a sentencing hearing before issuing a nunc pro tunc entry correcting the term of postrelease control could have been raised on appeal. *Scheck* at ¶ 1. Finally, although Mack claims on appeal that he is entitled to a revised sentencing entry setting forth the manner of his conviction, his prayer for relief in his complaint was limited to a resentencing hearing. Mack thus waived this claim. See *State ex rel. Repository v. Nova Behavioral Health, Inc.*, 112 Ohio St.3d 338, 2006-Ohio-6713, 859 N.E.2d 936, ¶ 41 (relator in mandamus case waived claim that it could have raised, but failed to raise, in its complaint or in an amended complaint).

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jeffery Mack, pro se.

Dean Holman, Medina County Prosecuting Attorney, and Matthew Kern, Assistant Prosecuting Attorney, for appellee.

_____