[Cite as *State v. Carver*, 2012-Ohio-5789.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 25197 |
| v. | : | T.C. NO. 03CR3323 |
| KYLE CARVER, SR. | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

· · · · · · · · · ·

**O P I N I O N**

Rendered on the ___7th___ day of ___December___, 2012.

· · · · · · · · · ·

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
       Attorney for Plaintiff-Appellee

KYLE CARVER, SR., #507-248, Marion Correctional Institution, P. O. Box 57, Marion, Ohio 43301
       Defendant-Appellant

· · · · · · · · · ·

FROELICH, J.

{¶ 1}  Kyle Carver, who is serving a 19-year prison sentence on a 2005 conviction, appeals from a judgment of the Montgomery County Court of Common Pleas,

which overruled his motion to vacate court costs. For the following reasons, the judgment of the trial court will be affirmed.

{¶ 2} In 2005, Carver was convicted by a jury of unauthorized use of a motor vehicle, kidnapping, and felonious assault. The trial court imposed maximum, consecutive sentences, for an aggregate term of 19 years. The termination entry also ordered Carver to pay costs "in full" in the amount determined by the clerk of courts and to pay extradition costs in the amount of $382.82 to the county prosecutor's office. Carver appealed, and we affirmed the conviction on appeal. *State v. Carver*, 2d Dist. Montgomery No. 21328, 2006-Ohio-5798. In 2006, Carver filed an application to reopen his appeal, which we granted in part. We rejected all of the arguments raised and again affirmed his conviction. *State v. Carver*, 2d Dist. Montgomery No. 21328, 2008-Ohio-4631. Carver also filed a petition for post-conviction relief. The trial court denied the petition because it was untimely and because Carver had failed to establish a basis for extending the time. We affirmed the trial court's judgment with respect to the petition for post-conviction relief. *State v. Carver*, 2d Dist. Montgomery No. 22407, 2008-Ohio-5516. Carver did not challenge the imposition of court costs or extradition costs in any of these cases.

{¶ 3} In 2010, the trial court conducted a resentencing hearing in order to properly impose postrelease control.[1] Carver argued for the merger of the kidnapping and

---

[1] Carver's original sentence predated July 11, 2006, the effective date of R.C. 2929.191. In 2010, although the problem with Carver's sentence was limited to the imposition of postrelease control, he was resentenced de novo in accordance with *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, which was the controlling law at that time. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, which overruled *Singleton* and provided for resentencing only on the issue of postrelease control under these circumstances, was decided three weeks after Carver's 2010 sentencing hearing.

felonious assault at this hearing, but he did not challenge the imposition of court costs or extradition costs. The trial court's termination entry contained language identical to the 2005 entry with respect to these issues. We affirmed the trial court's judgment. *State v. Carver*, 2d Dist. Montgomery No. 24400, 2011-Ohio-5955.

{¶ 4} On December 1, 2011, Carver filed a Motion to Vacate Court Costs. The trial court denied the motion, concluding that it lacked jurisdiction to suspend or waive the payment of the court costs it had previously imposed. Carver appeals from this judgment.

{¶ 5} Carver's assignment of error states:

**The trial court abused its authority [in] failing to inform appellant that court costs were being imposed in open court even after appellant stated he was indigent and could not afford to pay cost[s] as mandated by R.C. 2947.23 and should be remanded back to the trial court to address waiver of payment of court costs.**

{¶ 6} Carver claims that he informed the trial court at his 2010 resentencing hearing that he was indigent and unable to pay court costs, including the cost of his extradition from Pennsylvania. He contends that the trial court erred in ordering him to pay court costs and in refusing to vacate the remaining balance.

{¶ 7} The record demonstrates that Carver raised the issue of his indigency at his 2010 resentencing hearing for reimposition of postrelease control, not at his original sentencing hearing. In any event, the trial court correctly concluded that it lacked the authority to reconsider its own valid final judgment in a criminal case. *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 599, 589 N.E.2d 1324 (1992), citing *Brook Park v. Necak*, 30

Ohio App.3d 118, 506 N.E.2d 936 (8th Dist.1986).

{¶ 8} More specifically, the trial court cited *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, which held:

> R.C. 2947.23 requires the imposition of court costs as a part of a criminal sentence. This court has held that R.C. 2947.23 requires a trial court to assess costs against all criminal defendants, and to do so even if the defendant is indigent. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. Therefore, a defendant's financial status is irrelevant to the imposition of court costs. The question is whether those costs, once properly imposed, may subsequently be suspended or waived so as to avoid payment.

> The common pleas courts do not have power to suspend the execution of a sentence unless authorized by statute. *State v. Smith* (1989), 42 Ohio St.3d 60, 537 N.E.2d 198, paragraph one of the syllabus. Consequently, absent statutory authority, a trial court may not suspend the imposition of costs.

(Footnotes omitted.) *Id.* at ¶ 3-4.

{¶ 9} The only statutory authority cited by Carver is R.C. 2947.23(A)(1)(a)(i), which permits, but does not require, a trial court to order a defendant to perform community service if he does not pay court costs. Because the statute does not require the court to permit community service as an alternative to payment of court costs, Carver's reliance on R.C. 2947.23(A)(1)(a)(i) is misplaced. Moreover, Carver's lengthy prison sentence makes

community service impractical.

{¶ 10}  *Clevenger* also recognized that, in some situations, courts have limited statutory authority to waive payment of court costs after they have been imposed, including when the defendant is indigent.  See R.C. 2949.092.  However, a motion by an indigent criminal defendant to waive payment of costs must be made at the time of sentencing. *Clevenger* at ¶ 4-5, citing *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, paragraph two of the syllabus.  See also *State v. Nason*, 2d Dist. Montgomery No. 22796, 2008-Ohio-6337, ¶ 3.  Otherwise, the issue is waived and costs are res judicata. *Clevenger*, citing *Threatt* at ¶ 23.  Carver claims that he raised the issue of his indigency at the sentencing hearing, when the imposition of court costs was discussed.  Even assuming that this assertion were correct, Carver should have challenged the trial court's failure to waive court costs on direct appeal.  Neither this court nor the trial court has jurisdiction to consider this argument now.

{¶ 11}  The trial court correctly concluded that it lacked authority to waive Carver's previously imposed court costs.

{¶ 12}  The assignment of error is overruled.

{¶ 13}  The judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Andrew T. French
Kyle Carver, Sr.
Hon. Barbara P. Gorman