[Cite as *State v. Shingleton*, 2013-Ohio-3943.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25679 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 81-CR-76 |
| v. | : | |
| | : | |
| GEORGE R. SHINGLETON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of September, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE PHIPPS, Atty. Reg. #0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

GEORGE R. SHINGLETON #163-500, Lebanon Correctional Institution, Post Office Box 69, London, Ohio 43140
        Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, P.J.

{¶ 1}    Defendant-appellant George Shingleton appeals from an order denying his

motion for resentencing.  Shingleton contends that the trial court erred by failing to vacate his

1981 sentencing entry and refusing to grant him a new sentencing hearing.

{¶ 2}    We conclude that the trial court properly corrected a clerical omission in the original sentencing entry through a revised sentencing entry, and the trial court was not required to hold a new sentencing hearing.   Accordingly, the judgment of the trial court is Affirmed.


## I. Course of Proceedings

{¶ 3}    Following a 1981 jury trial, Shingleton was found guilty of Aggravated Murder and Aggravated Robbery.   On June 1, 1981, the trial court sentenced Shingleton to life imprisonment on the Aggravated Murder conviction.   The sentencing entry did not state that Shingleton's conviction was the result of a jury verdict, and did not mention the Aggravated Robbery conviction.   Shingleton appealed from his conviction.   We affirmed his conviction in April 1982.   *State v. Shingleton*, 2d Dist. Montgomery No. 7375 (April 29, 1982).

{¶ 4}    Shingleton subsequently filed a petition for post-conviction relief.   The trial court overruled the petition.   We affirmed the trial court's decision.   *State v. Shingleton*, 2d Dist. Montgomery No. 17546, 1999 WL 961153 (July 9, 1999).

{¶ 5}    In March 2011, Shingleton filed a "Motion Requesting Revised Journal Entry," contending that the omissions from the sentencing entry of any reference to his Aggravated Robbery conviction or the manner of his conviction rendered the original sentencing entry void for failing to comply with Crim.R. 32(C).   Dkt. 8.   According to Shingleton, these omissions required the vacation of his conviction and sentence and a new sentencing hearing.   In its response to Shingleton's motion, the State submitted a copy of the trial court's 1981 order merging the Aggravated Robbery conviction with the Aggravated Murder conviction, pursuant to R.C. 2941.25.   The trial court's order also stated that no sentence would be imposed on the

Aggravated Robbery conviction.

{¶ 6} The trial court overruled Shingleton's March 2011 motion, finding that the original sentencing entry's omission of the manner of conviction made that entry only voidable, not void, and subject to correction with a new sentencing entry without a new sentencing hearing. The trial court also found that the omission of any reference to the Aggravated Robbery conviction from the original sentencing entry was not error, because the original trial judge merged the Aggravated Robbery conviction with the Aggravated Murder conviction.

{¶ 7} In July 2011, Shingleton filed a "Motion for New Sentencing Entry." Dkt. 15. The court granted the motion in November 2011, and issued a nunc pro tunc judgment entry of conviction and sentence stating that Shingleton's Aggravated Murder conviction was by jury verdict and sentencing Shingleton to imprisonment "for a term of not less than LIFE." Dkt. 16, 17.

{¶ 8} In December 2012, Shingleton filed a "Motion Seeking Reconsideration" of the trial court's denial of his March 2011 Motion Requesting Revised Journal Entry. In support of his motion, Shingleton cited *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455, 2469, 183 L.Ed.2d 407 (2012), but provided no guidance as to why *Miller* required a revised journal entry. Dkt. 18. The trial court overruled Shingleton's motion. Dkt. 19.

{¶ 9} In January 2013, Shingleton filed a "Motion for Resentencing and Memorandum in Support." Dkt. 21. He contended that his 1981 conviction and sentence violated the *Miller* decision and should be vacated. The trial court overruled his motion.

{¶ 10} From this order overruling his motion for resentencing, Shingleton appeals.

## II. Shingleton Is Not Entitled to a New Sentencing Hearing

{¶ 11}   Shingleton's sole assignment of error states:

THE TRIAL COURT EXCEEDED ITS AUTHORITY BY FINDING THAT IT'S [SIC] NUNC PRO TUNC ENTRY PRECLUDED APPLICATION OF MILLER V. ALABAMA 123 S.CT. 2455, IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW, SECURED TO APPELLANT BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, AND ART. I § 16 OF THE OHIO CONSTITUTION.

{¶ 12}   A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when the judgment entry sets forth "(1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 14.   If a judgment of conviction does not comply with Crim.R. 32(C) due to a failure to indicate how a defendant's conviction was effected, a party may obtain a correction to the judgment entry by a motion filed with the trial court to correct the judgment of conviction.   *Id.* at ¶ 16.   The remedy for failing to comply with Crim.R. 32(C) is a revised sentencing entry rather than a new hearing.   *State ex rel. Mack v. Collier*, 129 Ohio St.3d 497, 2011-Ohio-4188, 954 N.E.2d 155, ¶ 1.

{¶ 13}   Shingleton contends that the omission in the original 1981 judgment of conviction of any reference to the manner of his conviction requires that the judgment be vacated, and entitles him to a new sentencing hearing.   Shingleton's 1981 conviction was effected by a jury verdict.   At Shingleton's request, the trial court corrected this clerical error in November 2011 by entering a new judgment of conviction.   Contrary to Shingleton's contentions, the trial court was not required to vacate the judgment of conviction or hold a new sentencing hearing to

correct the omission. *Lester*; *Collier*.

{¶ 14} Shingleton also contends that the United States Supreme Court's decision in *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), requires that his judgment of conviction be vacated and a new sentencing hearing held. We do not agree. *Miller* held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Id.* at 2469. A new judicial ruling applies only to cases that are pending on the announcement date of the new ruling, and may not be applied retroactively to a conviction that has become final. *Ali v. State of Ohio*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, ¶ 6. Shingleton's conviction became final well before *Miller* was decided on June 25, 2012.

{¶ 15} Furthermore, even if Shingleton could demonstrate that the holding in *Miller* should be applied retroactively, he has failed to demonstrate that the particular facts of his case fit within the holding of *Miller*. He makes conclusory allegations that *Miller* applies to him, without citing portions of the record to support these statements. For example, he conceded in a filing before the trial court (Dkt. 23) that he currently is being considered for parole, which conflicts with his contention that he was sentenced to life without the possibility of parole in violation of *Miller*. Based upon the record before us, we conclude the trial court did not err in overruling Shingleton's motion for resentencing.

{¶ 16} Shingleton's sole assignment of error is overruled.

### III. Conclusion

{¶ 17} Shingleton's sole assignment of error having been overruled, the judgment of the

trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Mathias H. Heck
Michele Phipps
George Shingleton
Hon. Mary L. Wiseman