[Cite as *State v. Carver*, 2013-Ohio-4815.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                              :

      Plaintiff-Appellee             :              C.A. CASE NO.    25280

v.                                        :              T.C. NO.    03CR3323

KYLE CARVER SR.                           :              (Criminal appeal from
                                              Common Pleas Court)

      Defendant-Appellant            :

                                                       :

                            . . . . . . . . . .

**O P I N I O N**

Rendered on the   1st   day of     November    , 2013.

. . . . . . . . . .

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

KYLE CARVER SR., #507-248, Marion Correctional Institute, 940 Marion-Williamsport Road, P. O. Box 57, Marion, Ohio 43301
        Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

      **{¶ 1}**  Kyle Carver appeals from a judgment of the Montgomery County Court of Common Pleas, which overruled his "Motion for Re-Sentencing Pursuant to O.R.C. Sec. 2945.75 and *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256." For the following

reasons, the trial court's judgment will be affirmed.

I.

{¶ 2} In 2005, Carver was convicted by a jury of unauthorized use of a motor vehicle, kidnapping, and felonious assault; he was acquitted of other charges. The trial court imposed maximum, consecutive sentences, for an aggregate term of 19 years in prison. The termination entry ordered Carver to pay extradition costs in the amount of $382.82 to the county prosecutor's office and court costs. We affirmed Carver's conviction. *State v. Carver*, 2d Dist. Montgomery No. 21328, 2006-Ohio-5798.

{¶ 3} In 2006, Carver filed an application to reopen his appeal, which we granted in part. Among his new assignments of error, Carver claimed that the trial court erred, pursuant to *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, in sentencing him for a fifth-degree felony unauthorized use of a vehicle and for a first-degree felony kidnapping. We rejected his arguments and again affirmed his conviction. *State v. Carver*, 2d Dist. Montgomery No. 21328, 2008-Ohio-4631.

{¶ 4} Carver also filed a petition for post-conviction relief. The trial court denied the petition because it was untimely and because Carver had failed to establish a basis for extending the time. We affirmed the trial court's judgment concerning the petition for post-conviction relief. *State v. Carver*, 2d Dist. Montgomery No. 22407, 2008-Ohio-5516.

{¶ 5} In 2010, Carver filed a motion in the trial court for resentencing under *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, which required a de novo resentencing if postrelease control had not been properly imposed. In another motion, he sought dismissal of the charges based on double jeopardy. On December 1, 2010, Carver

filed an additional motion for resentencing pursuant to R.C. 2945.75 and *Pelfrey*.

{¶ 6} On December 3, 2010, the trial court conducted a de novo resentencing hearing.[1] At the hearing, Carver informed the court that he had filed a motion for resentencing under *Pelfrey*. The trial court indicated that it would resentence him "based upon * * * [the court's] reading of the statutes and having reviewed the facts of the case, et cetera." When the court asked Carver if he had anything to say, Carver argued that he should receive the shortest prison term for the lowest degree of the offense because "the jury verdict forms were empty of the degrees to which I should be sentenced * * *." He also argued that his kidnapping charge violated double jeopardy. Carver asked to receive time served for his remaining offenses. The trial court imposed the same sentence as had been imposed at his 2005 sentencing. We affirmed the trial court's judgment. *State v. Carver*, 2d Dist. Montgomery No. 24400, 2011-Ohio-5955.

{¶ 7} On December 6, 2010, three days after the resentencing, the trial court filed an entry denying Carver's motion to dismiss on double jeopardy grounds and it dismissed the motion for resentencing under *Singleton*, on the ground that Carver had been resentenced. The trial court's entry did not address Carver's December 1, 2010 motion for resentencing pursuant to R.C. 2945.75 and *Pelfrey*.

{¶ 8} A year later, on December 1, 2011, Carver filed a Motion to Vacate Court

---

[1] Carver's original sentence predated July 11, 2006, the effective date of R.C. 2929.191. Consequently, although the problem with Carver's sentence was limited to the imposition of postrelease control, he was resentenced de novo in accordance with *Singleton*, which was the controlling law at that time. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, which overruled *Singleton* and provided for resentencing only on the issue of postrelease control under these circumstances, was decided three weeks after Carver's December 3, 2010 sentencing hearing.

Costs. The trial court denied the motion, concluding that it lacked jurisdiction to suspend or waive the payment of the court costs it had previously imposed. We affirmed the trial court's decision. *State v. Carver*, 2d Dist. Montgomery No. 25197, 2012-Ohio-5789.

{¶ 9} On June 6, 2012, the trial court filed an entry denying Carver's December 1, 2010 motion for resentencing pursuant to R.C. 2945.75 and *Pelfrey*. The court stated:

> Defendant argues that the verdict forms in his case did not specify the degree of the charges and thus he should be sentenced to the least degree of such offenses. The verdict forms stated that the respective offenses were "as charged in the indictment." On the authority of *State v. Eafford*, 2002 Ohio 2224, the Court finds that the form of the jury verdict was adequate in this case at bar. Accordingly, Defendant's *Motion for Re-Sentencing Pursuant to O.R.C. Sec. 2945.75 and State v. Pelfrey, 112 Ohio St.3d 422, 2007-Ohio-256* is hereby OVERRULED.

{¶ 10} Carver appeals from the trial court's denial of his motion for resentencing pursuant to R.C. 2945.75 and *Pelfrey*.

II.

{¶ 11} Carver raises three assignments of error:

> Assignment of Error #1: APPELLANT'S RIGHT TO TRIAL BY JURY, FAST AND SPEEDY TRIAL RIGHTS, AND HIS DUE PROCESS RIGHTS WERE VIOLATED WHEN THE TWELVE JURORS FAILED TO SIGN HIS JURY VERDICT FORMS PURSUANT TO *STATE V. KIMBROUGH*, 2009-OHIO-6875; *STATE V. CANADY*, 1991 OHIO

APP.LEXIS. 581; AND FIFTH, SIXTH, & FOURTEENTH AMENDMENT OF THE OHIO AND UNITED STATES CONSTITUTIONS, <u>RENDERING HIS SENTENCE INCOMPLETE  WITH NO FINAL APPEALABLE ORDER (CRIM.R. 32(C)[)] & BECAUSE OF THE DELAY IN SENTENCING PURSUANT TO CRIM.R. 32(A) FOR WHICH THERE IS NO CURE, APPELLANT'S REMEDY SHOULD BE IMMEDIATELY [sic] DISCHARGE FROM CUSTODY.</u> [Emphasis in original.]

<u>Assignment of Error #2</u>: APPELLANT'S INDICTMENT IS INVALID AND MUST BE DISMISSED DUE TO FRAUDULENT CASE NUMBER.

<u>Assignment of Error #3</u>: PURSUANT TO OHIO CRIMINAL RULE 32(C) APPELLANT LACKS A FINAL APPEALABLE ORDER AND THE TRIAL COURT LACKED THE AUTHORITY OR JURISDICTION TO SENTENCE APPELLANT KYLE CARVER SR ENTITLING HIM TO IMMEDIATE DISCHARGE.

**{¶ 12}** As an initial matter, Carver claims in his first and third assignments of error that the trial court has not entered a final appealable order in his case.  Carver cites to Crim.R. 32(C), but his argument focuses on his claim that the jury did not sign the verdict forms, rendering the court "powerless" to enter a judgment against him.

**{¶ 13}** A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when the judgment entry sets forth "(1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the

clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 14. "If a judgment of conviction does not comply with Crim.R. 32(C) due to a failure to indicate how a defendant's conviction was effected, a party may obtain a correction to the judgment entry by a motion filed with the trial court to correct the judgment of conviction. The remedy for failing to comply with Crim.R. 32(C) is a revised sentencing entry rather than a new hearing." (Citations omitted.) *State v. Shingleton*, 2d Dist. Montgomery No. 25679, 2013-Ohio-3943, ¶ 12.

{¶ 14} Carver claims that the trial court's judgment entry is not final because it states that he was found guilty by a jury, when the copies of the jury's verdicts in his possession do not contain the jurors' signatures. Even assuming, arguendo, that the lack of signatures would affect the finality of the court's judgment (which we do *not* hold), the original verdict forms that are contained in the court's records are signed by all twelve jurors. Carver's argument lacks merit.

{¶ 15} Carver's first assignment of error also appears to claim that he should have been sentenced to the shortest prison term for the lowest degree of the offense because the verdict forms did not specify the degree of the offense. We previously rejected this same argument in our 2008 opinion affirming Carver's conviction after reopening his direct appeal. We stated:

> * * * Carver claims that the trial court erred in sentencing him for a
> fifth-degree felony Unauthorized Use of a Vehicle and for a first-degree
> Felony Kidnapping. Carver claims that the court was required to sentence
> him to the least degree of the offense charged, because the verdict forms did

not indicate the degree of the offense. Carver relies upon *State v. Pelfrey*, 112 Ohio St.3d 422, 860 N.E.2d 735, 2007-Ohio-256, in which the Supreme Court of Ohio held: "Pursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." *Id.* at syllabus.

Of relevance to this assignment of error, Carver was charged with Unauthorized Use of a Vehicle, in violation of R.C. 2913.03(B), and Kidnapping, in violation of R.C. 2905.01(A)(4). R.C. 2913.03(D) sets forth the penalties for violations of R.C. 2913.03. R.C. 2913.03(D) states, in relevant part:

"(3) Except as otherwise provided in division (D)(4) of this section, a violation of division (B) of this section is a felony of the fifth degree.

"(4) If the victim of the offense is an elderly person or disabled adult and if the victim incurs a loss as a result of the violation, a violation of division (A) or (B) of this section is whichever of the following is applicable:

"(a) Except as otherwise provided in division (D)(4)(b), (c), (d), or (e) of this section, a felony of the fifth degree;

"(b) If the loss to the victim is five hundred dollars or more and is less than five thousand dollars, a felony of the fourth degree;

"(c) If the loss to the victim is five thousand dollars or more and is

less than twenty-five thousand dollars, a felony of the third degree;

"(d) If the loss to the victim is twenty-five thousand dollars or more, a felony of the second degree."

As noted by the State, the jury's verdict on the Unauthorized Use charge was a finding of guilty on the least degree of the charged offense. Accordingly, the trial court did not did not err in sentencing him for a fifth-degree felony.

The same is true for the Kidnapping charge. R.C. 2905.01(C), which sets forth the penalties for violation of R.C. 2905.01(A)(4), states: "Whoever violates this section is guilty of kidnapping, a felony of the first degree. If the offender releases the victim in a safe place unharmed, kidnapping is a felony of the second degree." Whether the victim is released in a safe place unharmed is not an element of the offense. *State v. Sanders*, 92 Ohio St.3d 245, 265, 750 N.E.2d 90, 2001-Ohio-189. Rather, it is in the nature of an affirmative defense, and the defendant bears the burden of proof on this issue. *Id.*; *State v. Jennings* (Jan. 24, 1996), Clark App. No. 94-CA-611. Because Carver failed to assert and prove that he released [the victim] in a safe place unharmed, the trial court properly sentenced him for Kidnapping as a first-degree felony.

*Carver*, 2d Dist. Montgomery No. 21328, 2008-Ohio-4631, ¶ 78-87.

{¶ 16} Although Carver arguably may raise his *Pelfrey* claim again due to the trial court's December 2010 de novo resentencing, we agree with our prior analysis. Carver's

challenge to his conviction based on *Pelfrey* is without merit.

**{¶ 17}** Carver's second assignment of error claims that his trial court case number (2003-CR-3323) is fraudulent and his indictment is invalid. Carver did not raise this issue in the trial court. We will not address the merits of his argument for the first time on appeal. And, even if Carver had raised it below, his claim could have been raised on direct appeal. Consequently, it is barred by res judicata.

**{¶ 18}** Carver's assignments of error are overruled in their entirety.

III.

**{¶ 19}** The trial court's judgment will be affirmed.

. . . . . . . . . .

WELBAUM, J., concurs.

HALL, J., concurring:

**{¶ 20}** I agree with the analysis and conclusions in the lead opinion. I write separately to express my view that after Carver was resentenced on December 3, 2010, the trial court no longer had authority to rule on his "Motion for Re-Sentencing Pursuant to O.R.C. Sec. 2945.75 and *State v. Pelfrey* * * *" filed December 1, 2010. Moreover, the issues in this appeal already have been decided, and we need not decide them again.

**{¶ 21}** On December 3, 2010, the trial court conducted a de novo resentencing hearing, consistent with then-applicable case law, to correct the imposition of post-release control. Carver's December 1, 2010 motion for resentencing was not addressed at the resentencing. When a trial court does not address a pending motion and journalizes the sentence imposed, we presume the motion was overruled. *See*, *e.g.*, *State v. Caudill*, 2d Dist.

Montgomery No. 24881, 2012-Ohio-2230, ¶ 2. Therefore, the trial court did not have authority to consider the merits of the December 1, 2010 motion when it overruled that motion by entry filed June 6, 2012.

**{¶ 22}** Moreover, this is Carver's seventh appeal. The prior appeals have been docketed as appellate case numbers 21328, 22407, 23946, 24400, 24413, 25197 and this case, 25280, although one appeal was dismissed as untimely (23946), and one was dismissed (24413) because it duplicated another (24400). In his direct appeal from the December 3, 2010 resentencing, in case number 24400, Carver did not challenge the trial court's failure to rule on, and therefore its overruling of, his December 1, 2010 motion. Res judicata bars him from challenging it now, regardless of whether the trial court subsequently issued a ruling on the motion. Finally, we already have dealt with the precise issue Carver now raises during the reopening of a prior appeal. In *State v. Carver*, 2d Dist. Montgomery No. 21328, 2008-Ohio-4631, with regard to the fourth assignment of error, we noted:

> Carver relies upon *State v. Pelfrey*, 112 Ohio St.3d 422, 860 N.E.2d 735, 2007-Ohio-256, in which the Supreme Court of Ohio held: "Pursuant to the clear language of R.C. 2945.75, * * * a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." *Id.* at syllabus.

*Id.* at ¶ 78. Having already decided the issue Carver now raises, we should not do so again.

. . . . . . . . . .

Copies mailed to:

Andrew T. French
Kyle Carver Sr.
Hon. Barbara P. Gorman