[Cite as *State v. Mack*, 2016-Ohio-982.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 14CA0112-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JEFFREY L. MACK | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 03-CR-0612 |

DECISION AND JOURNAL ENTRY

Dated: March 14, 2016

CARR, Presiding Judge.

{¶1} Appellant, Jeffrey Mack, a.k.a. Jeffrey Mack Lundy, appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} More than ten years ago, Mack pleaded guilty to two counts of aggravated robbery along with attendant repeat violent offender specifications, as well as one count of misuse of credit cards. The trial court sentenced Mack to twenty-three years imprisonment. Mack filed a direct appeal and raised numerous issues, including a challenge to the trial court's denial of a pre-sentence motion to withdraw his guilty pleas. Mack's convictions were affirmed by this Court. *State v. Mack*, 9th Dist. Medina No. 05CA0024-M, 2005-Ohio-6325.

{¶3} Mack filed a motion to withdraw his plea in 2008. The trial court denied Mack's motion and he did not appeal. Mack has also filed multiple mandamus actions to challenge his convictions. Most recently, the Supreme Court affirmed this court's dismissal of Mack's

complaint in 2011, noting that Mack was raising issues that could have been raised on direct appeal. *State ex rel. Mack v. Collier*, 129 Ohio St.3d 497, 2011-Ohio-4188, ¶ 1.

{¶4} Mack filed another motion to withdraw his plea on February 14, 2013, and the State responded with a memorandum in opposition. The trial judge subsequently recused himself from the matter. After a new judge was appointed, the parties filed supplemental briefs. On December 17, 2013, the trial court issued a journal entry denying the motion on the basis of res judicata.

{¶5} On December 1, 2014, this Court granted Mack leave to file a delayed appeal. Now before this Court, Mack raises four assignments of error.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED DURING THE CHANGE OF PLEA HEARING IN FAILING TO USE THE WORD "WAIVER" OR REFERENCE "ANY WAIVER" OF THE DEFENDANT'S CONSTITUTIONALLY PROTECTED RIGHTS AND ERRED IN FAILING TO SECURE DEFENDANT'S "ACKNOWLEDGEMENT" [SIC] OF HIS WAIVER" OF THOSE CONSTITUTIONAL RIGHTS PRIOR TO ACCEPTING HIS GUILTY PLEAS.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT'S SENTENCING ENTRY IS VOID OR VOIDABLE IN THAT IT FAILS TO INCLUDE THE MANNER IN WHICH DEFENDANT WAS FOUND GUILTY OF THE OFFENSES CHARGED.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT'S SENTENCING ENTRY IS VOID IN THAT IT IS BASED UPON A FUNDAMENTAL FLAW IN THE CHARGING INDICTMENT, SPECIFICALLY AN INDICTMENT FAILING TO PROPERLY CHARGE THE MENS REA ELEMENT OF THE OFFICE [SIC].

**ASSIGNMENT OF ERROR IV**

THE TRIAL COURT'S SENTENCING ENTRY IS VOID [IN] THAT IT ERRED IN THE IMPOSITION OF POST RELEASE CONTROL TO A TERM OF UP TO FIVE YEARS, RATHER THAN A MANDATORY FIVE YEARS WITHOUT DISCRETION BY THE PAROLE BOARD.

**{¶6}** In his four assignments of error, Mack raises multiple issues pertaining to the trial court's denial of his most recent motion to withdraw his plea.

**{¶7}** The Supreme Court of Ohio has held that "[r]es judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. "This prohibition extends to claims made in support of motions to withdraw a plea." *State v. Brown*, 9th Dist. Summit Nos. 25353 and 25355, 2011-Ohio-1043, ¶ 6, citing *Ketterer* at ¶ 59. Moreover, in *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978), the high court explained that even though the trial court retains jurisdiction over issues not inconsistent with the jurisdiction of the court of appeals, the granting of a motion to withdraw is "inconsistent with the judgment of the Court of Appeals affirming the trial court's conviction premised upon the guilty plea." *Id*. The Supreme Court further held that Crim.R. 32.1 does not, independently "vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court." *Id*.

**{¶8}** The instant appeal concerns the third motion to withdraw filed by Mack in this case. One of Mack's prior motions was a presentence motion to withdraw that was addressed in Mack's direct appeal in 2005. As noted above, Mack's convictions were affirmed on direct appeal. *Mack*, 2005-Ohio-6325. Accordingly, pursuant to *Special Prosecutors*, the trial court correctly recognized that it lacked authority to consider his motion to withdraw his guilty plea

filed in 2013. Moreover, because the issues Mack raised in support of his motion to withdraw were either raised, or could have been raised, on direct appeal, he is now barred from raising those issues under the doctrine of res judicata. *Ketterer* at ¶ 59.

{¶9} Mack also challenges the validity of a 2009 nunc pro tunc sentencing entry issued by the trial court correcting an error in the imposition of post-release control. The Supreme Court rejected this argument in affirming our dismissal of Mack's 2011 petition for a writ of mandamus. *Mack*, 2011-Ohio-4188, ¶ 1 (concluding that any alleged errors by the trial court could have been raised on appeal from that judgment entry). As any alleged errors stemming from the 2009 nunc pro tunc entry could have been raised on appeal, Mack was barred under the doctrine of res judicata from raising those issues in a subsequent motion to withdraw his guilty plea. *State v. Griffin*, 9th Dist. Summit No. 24179, 2009-Ohio-1212, ¶ 7; *see also State v. Fletcher*, 5th Dist. Licking No. 2009-CA-0055, 2009-Ohio-5650, ¶ 13, citing *State v. Dawson*, 8th Dist. Cuyahoga No. 87102, 2006-Ohio-3505, ¶ 2 ("[the offender] is impermissibly using a Crim.R. 32.1 post-sentence motion to withdraw his guilty pleas as a substitute for appeal.").

{¶10} Mack's assignments of error are overruled.

### III.

{¶11} Mack's four assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

MICHAEL J. CALLOW, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.