[Cite as *State v. Tomlinson*, 2013-Ohio-3520.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

DARREN JEFFREY TOMLINSON

    Appellant

C.A. No.    25924

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 10 08 2231 (A)

DECISION AND JOURNAL ENTRY

Dated: August 14, 2013

BELFANCE, Presiding Judge.

{¶1} Defendant-Appellant Darren Tomlinson moved to reopen his appeal from his convictions in the Summit County Court of Common Pleas. This Court granted his application to reopen, and the matter is now before us. For the reasons set forth below, we vacate our prior decision and reverse.

I.

{¶2} On August 19, 2010, Mr. Tomlinson was indicted on two counts of possessing cocaine, in violation of R.C. 2925.11(A)(C)(4), two counts of trafficking in cocaine, in violation of R.C. 2925.03(A)(C)(4); three counts of having weapons while under disability, in violation of R.C. 2923.13(A)(3) and possessing criminal tools, in violation of R.C. 2923.24. All of the possession and trafficking in cocaine counts also contained attendant forfeiture specifications, pursuant to R.C. 2941.1417.

{¶3} A joint trial for Mr. Tomlinson and his co-defendant, Ms. Symphone Smith, commenced on March 21, 2011. Thereafter, a jury found Mr. Tomlinson guilty on all counts with the exception of the two trafficking counts. The trial court sentenced Mr. Tomlinson to a total of eleven years in prison.

{¶4} Mr. Tomlinson appealed and this Court affirmed his convictions. *See State v. Tomlinson,* 9th Dist. Summit No. 25924, 2012-Ohio-1441. Subsequently, Mr. Tomlinson filed a motion to reopen which we granted.

II.

{¶5} In *State v. Graves*, 9th Dist. Lorain No. 08CA009397, 2011-Ohio-5997, this Court explained our obligations in a reopened appeal:

> Under Rule 26(B)(9) of the Ohio Rules of Appellate Procedure, "[i]f th[is][C]ourt finds that the performance of appellate counsel was deficient and the applicant was prejudiced by that deficiency, [it] shall vacate its prior judgment and enter the appropriate judgment. If th[is][C]ourt does not so find, [it] shall issue an order confirming its prior judgment." Deficient performance by a lawyer is a performance that falls below an objective standard of reasonable representation. *State v. Hale*, 119 Ohio St.3d 118, 2008–Ohio–3426, [] ¶ 204[, ]citing *Strickland v. Washington*, 466 U.S. 668, 687–[6]88 (1984)[]. A defendant is prejudiced by the deficiency if there is a reasonable probability that, but for his lawyer's errors, the result of the proceeding would have been different. [*Hale* at ¶ 204, ]citing *Strickland* [at 694.] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*[ at] 694.

*Graves* at ¶ 9. Upon our review of the record, we have concluded that the performance of Mr. Tomlinson's appellate counsel was deficient. Consequently, we vacate our opinion in *State v. Tomlinson*, 9th Dist. Summit No. 25924, 2012-Ohio-1441, and enter the following judgment.

III.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY FAILING TO PROVIDE DUE PROCESS AS OUTLINED IN OHIO RULES OF CRIMINAL PROCEDURE RULE 43(A) BY IMPOSING AN ADDITIONAL SENTENCE OF COSTS IN ITS SENTENCING ENTRY, BUT NOT IN OPEN COURT.

ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED PLAIN ERROR BY NOT FOLLOWING O.R.C.[ ]2947.23 IN GIVING MANDATORY NOTIFICATIONS TO DEFENDANT OF BOTH THE POTENTIAL FOR AN ORDER OF COMMUNITY SERVICE AND SUBSEQUENT CREDIT TOWARDS THE JUDGMENT AWARDED FOR COSTS.

{¶6}    Mr. Tomlinson essentially asserts in his first and third assignments of error that the trial court failed to comply with R.C. 2947.23 in imposing costs by (1) failing to notify him that he would be required to pay costs and, (2) not notifying him of the consequences of failing to pay costs.  We agree.

{¶7}    At the time of Mr. Tomlinson's sentencing hearing, R.C. 2947.23(A)(1) provided in pertinent part that

> [i]n all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. At the time the judge or magistrate imposes sentence, the judge or magistrate shall notify the defendant of both of the following:
>
> (a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.
>
> (b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

Former R.C. 2947.23(A).

{¶8} "This Court has concluded that '[t]he statute requires both that the trial court (1) notify the defendant at the time of sentencing that costs will be assessed so that he has an opportunity to seek a waiver, and (2) notify the defendant that his failure to pay the costs could result in imposition of community service, but that he would receive credit toward the costs from any community service imposed.'" *State v. Boone,* 9th Dist. Summit No. 26104, 2013-Ohio-2664, ¶ 29, quoting *State v. Williams*, 9th Dist. Summit No. 26014, 2012-Ohio-5873, ¶ 23. In the instant matter, the trial court failed to inform Mr. Tomlinson of the notifications required by R.C. 2947.23(A)(1) at sentencing, yet, imposed costs in its sentencing entry. Therefore, we "reverse the trial court's imposition of court costs and remand for the proper imposition of court costs in accordance with the requirements set forth in R.C. 2947.23(A)(1)." *State v. Debruce,* 9th Dist. Summit No. 25574, 2012-Ohio-454, ¶ 38. Mr. Tomlinson's first and third assignments of error are sustained.

ASSIGNMENT OF ERROR II

THE TRIAL COURT DENIED MR. TOMLINSON HIS RIGHTS UNDER O.R.C. []2929.19(B) AND TO DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTION AND ABUSED ITS DISCRETION BY IMPOSING A FINE WITHOUT INQUIRING INTO HIS ABILITY TO PAY WITHOUT UNDUE HARDSHIP.

{¶9} Mr. Tomlinson asserts in his second assignment that the trial court erred in imposing a mandatory financial sanction without determining Mr. Tomlinson's ability to pay that sanction. We agree.

{¶10} At the time of Mr. Tomlinson's sentencing hearing, R.C. 2929.19(B)(6) stated that "[b]efore imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." In the instant matter, the trial court

imposed a $2500 mandatory fine in its sentencing entry, but there is nothing in the record that indicates that the trial court considered Mr. Tomlinson's ability to pay the amount of the fine.

{¶11} While the trial court's journal entries prior to sentencing indicate that a "summary pre-sentence investigation and report" was ordered, there is nothing which suggests one was actually completed. A pre-sentence investigation report is not mentioned at the sentencing hearing or in the judgment entry of conviction, and none is present in the record on appeal. Moreover, the State has not asserted that a pre-sentence investigation report was completed but not made part of the record on appeal. Further, while there is discussion at the sentencing hearing that seems to indicate that Mr. Tomlinson was able to retain counsel for trial, Mr. Tomlinson's trial counsel also indicated that Mr. Tomlinson had no funds to retain counsel for appeal. *See Williams* at ¶ 19, quoting *State v. Andrews,* 1st Dist. Hamilton No. C-110735, 2012-Ohio-4664, ¶ 29 (noting in a parenthetical that "'[a]n offender's ability to pay a fine over a period of time is not equivalent to the ability to pay legal counsel a retainer fee at the outset of the criminal proceedings[]'"). There was no discussion about Mr. Tomlinson's ability to pay the mandatory fine, nor is there any financial information in the record before us that would have allowed the trial court to make that determination. Thus, Mr. Tomlinson did not have an opportunity to challenge his ability to pay the fine. Finally, the trial court did not expressly state at the sentencing hearing or in the judgment entry of conviction that it considered Mr. Tomlinson's ability to pay the fine before ordering him to pay it.[1]

---

[1] We note that, even if the trial court had stated at the sentencing hearing or in the judgment entry that it had considered Mr. Tomlinson's ability to pay, there is no financial information in the record which would support such a statement.

**{¶12}** In light of the foregoing, the record does not support the conclusion that the trial court considered Mr. Tomlinson's ability to pay the fine before imposing it as required by former R.C. 2929.19(B)(6). Accordingly, Mr. Tomlinson's second assignment of error is sustained.

IV.

**{¶13}** This Court sustains Mr. Tomlinson's assignments of error and remands the matter to the Summit County Court of Common Pleas for proceedings consistent with this opinion.

Judgment reversed<br>and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶14} Although I agree that this matter must be remanded for resentencing, I would not vacate our prior decision in Mr. Tomlinson's direct appeal. Instead, I would confirm our prior judgment, but remand the matter to the trial court for the proper imposition of court costs. *State v. DeBruce*, 9th Dist. Summit No. 25574, 2012-Ohio-454 2012, ¶ 36-38.

APPEARANCES:

HEATHER R. JOHNSTON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.