[Cite as *State v. Tomlinson*, 2014-Ohio-5019.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

DARREN JEFFREY TOMLINSON

    Appellant

C.A. No.     27181

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 10 08 2231 (A)

DECISION AND JOURNAL ENTRY

Dated: November 12, 2014

WHITMORE, Judge.

{¶1} Appellant, Darren Tomlinson, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} In March 2011, Tomlinson was convicted of two counts of possession of cocaine, three counts of having weapons while under disability, and one count of possessing criminal tools. *See State v. Tomlinson*, 9th Dist. Summit No. 25924, 2013-Ohio-3520, ¶ 2-3. The trial court sentenced Tomlinson to eleven years in prison, and Tomlinson appealed. *Id.* at ¶ 3-4. In March 2012, this Court affirmed his convictions. *See State v. Tomlinson*, 9th Dist. Summit No. 25924, 2012-Ohio-1441, ¶ 1, *vacated by*, *Tomlinson*, 2013-Ohio-3520.

{¶3} Subsequently, Tomlinson sought to reopen his appeal based on ineffective assistance of appellate counsel. This Court granted his motion to reopen and appointed him appellate counsel. On October 1, 2012, through counsel, Tomlinson filed his appellant's brief.

In his brief, he raised three assignments of error, each related to the imposition of fines and costs. *See Tomlinson*, 2013-Ohio-3520, at ¶ 6, 9. In August 2013, this Court vacated its March 2012 decision, sustained his three assignments of error, and reversed and remanded the case for resentencing. *See id.* at ¶ 1, 13.

**{¶4}** On remand, the court held a new sentencing hearing. The court re-imposed Tomlinson's 11-year prison sentence and, based on a finding that he was indigent, waived costs and declined to impose the mandatory fine. Tomlinson now appeals from his resentencing and raises five assignments of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT DENIED TOMLINSON HIS RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN IT ALTERED EVIDENCE IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16, OF THE OHIO CONSTITUTION.

Assignment of Error Number Two

TOMLINSON'S POSSESSION OF COCAINE CONVICTIONS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 5TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION[.]

Assignment of Error Number Three

TOMLINSON'S POSSESSION OF COCAINE CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 5TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

Assignment of Error Number Four

THE TRIAL COURT ERRED BY IMPOSING FIVE YEAR SENTENCES FOR
THIRD-DEGREE FELONY CONVICTIONS, IN VIOLATION OF THE FIFTH
AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION AND
ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

Assignment of Error Number Five

THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES
UPON TOMLINSON, IN VIOLATION OF THE FIFTH AND FOURTEENTH
AMENDMENTS OF THE U.S. CONSTITUTION AND ARTICLE I, SECTION
10 OF THE OHIO CONSTITUTION.

{¶5}    In his first assignment of error, Tomlinson argues that the trial court erred in altering an exhibit after it had been stipulated to and admitted into evidence. In his second and third assignments of error, Tomlinson argues that his convictions for possession of cocaine are not supported by sufficient evidence and are against the manifest weight of the evidence. In his fourth assignment of error, he argues that the court erred in not applying the current sentencing statute when resentencing him. Lastly, in his fifth assignment of error, Tomlinson argues that the court erred when it did not make the required statutory findings when it imposed consecutive sentences. We do not reach the merits of Tomlinson's arguments because we conclude that they are all beyond the scope of his resentencing.

{¶6}    In his reopened appeal, we concluded that the trial court erred when it failed to comply with R.C. 2947.23 when imposing costs. *Tomlinson*, 2013-Ohio-3520, at ¶ 6-8. Because the court failed to comply with the statute, "we reverse[d] the trial court's imposition of court costs and remand[ed] for the proper imposition of court costs in accordance with the requirements set forth in R.C. 2947.23(A)(1)." (Internal quotation and citation omitted.) *Id*. at ¶ 8. The court's failure to comply with R.C. 2947.23 did not render Tomlinson's entire sentence void. *See State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, ¶ 22.

**{¶7}** We further concluded, in that reopened appeal, that the court had erred when it imposed a mandatory financial sanction without determining Tomlinson's "present and future ability to pay," in violation of former R.C. 2929.19(B)(6). *Tomlinson*, 2013-Ohio-3520, at ¶ 9-12. We, therefore, reversed and remanded the case for resentencing in compliance with the statute. This, however, did not render his entire sentence void. *See State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, syllabus. Tomlinson's sentence was only reversed as to the imposition of fines and costs, and his resentencing was limited to these matters. *See id*. at ¶ 17; *Joseph* at ¶ 24.

**{¶8}** "The scope of an appeal from a new sentencing hearing is limited to issues that arise at the new sentencing hearing." *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 30. Because Tomlinson's resentencing was limited to the imposition of fines and costs, he is limited to these issues in this appeal from his resentencing. *See id*. at ¶ 15, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, paragraph three of the syllabus ("[T]he sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review."). Tomlinson, however, does not raise any argument about fines and costs. Tomlinson's assignments of error are related to issues outside the scope of the remand for resentencing, and therefore, are outside the scope of this appeal. *See State v. Williams*, 9th Dist. Summit No. 27101, 2014-Ohio-1608, ¶ 18.

**{¶9}** Tomlinson's assignments of error are overruled.

### III

**{¶10}** Tomlinson's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
CONCURS.

MOORE, J.
DISSENTING.

{¶11} Because I believe this Court can consider all of the assignments of error that Mr. Tomlinson has presented on appeal, I respectfully dissent from this Court's decision.

{¶12} Mr. Tomlinson presented this Court with several assignments of error in his first appeal. After his conviction was affirmed, Mr. Tomlinson filed his pro se application to reopen. This Court concluded that he had shown a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal with respect to only one of the proposed assignments of error. This Court granted his application for reopening on that basis alone (pursuant to App.R. 26(B)(7), which grants an appellate court discretion to limit its review to those assignments of error that were not previously considered), reinstated the appeal, and appointed new appellate counsel. *State v. Tomlinson*, 9th Dist. Summit No. 25924, July 10, 2012 Journal Entry at 6. Mr. Tomlinson's new appellate counsel raised three assignments of error, all related to the fines and costs issue on which this Court granted reopening. This Court found that Mr. Tomlinson's first appellate counsel was ineffective, vacated its prior judgment, reversed the trial court's judgment, and remanded for resentencing, as required by App.R. 26(B)(9).

{¶13} This Court granted Mr. Tomlinson's application to reopen because he demonstrated a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal. App.R. 26(B) requires this Court, if it finds that appellate counsel was ineffective, to vacate its prior judgment. When combined with limiting his reopened appeal to the fines and costs issues, the end result is that Mr. Tomlinson's direct appeal as of right has been limited to only the fines and costs issue. This result could not have been the intent of the Supreme Court when it decided *State v. Murnahan*, 63 Ohio St.3d 60 (1992), the case that lead to the adoption of App.R. 26(B).

{¶14} The *Murnahan* Court focused on doing justice, going so far as to limit the application of res judicata if it would be unjust. *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, ¶ 10, citing *Murnahan*. "App.R. 26(B) creates a special procedure for a thorough

determination of a defendant's allegations of ineffective assistance of counsel. The rule creates a separate forum where persons with allegedly deficient appellate counsel can vindicate their rights." *Davis* at ¶ 26. It seems to be an odd result that this Court can allow the defendant to vindicate his right to the effective assistance of counsel only to then bar him from raising a meritorious claim because this Court has limited the issues that can be raised in the reopened appeal.

{¶15} I agree with the majority that, on the surface, it appears that this case is controlled by *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669. Mr. Tomlinson has raised issues that did not arise at his resentencing hearing. Under the circumstances of this case, however, justice requires us to limit the application of res judicata, *see Murnahan*, and address Mr. Tomlinson's assignments of error. I would sustain Mr. Tomlinson's first assignment of error[1] which would render the remaining assignments of error moot.

APPEARANCES:

JEREMY A. VEILLETTE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.

---

[1] I would sustain this assignment of error for the reasons I articulated in my dissenting opinion in his original appeal. *State v. Tomlinson*, 9th Dist. Summit No. 25924, 2012-Ohio-1441. Pursuant to App.R. 26(B)(9), however, this Court was required to vacate that decision when it found he received ineffective assistance of appellate counsel in that appeal. *State v. Tomlinson*, 9th Dist. No. 25924, 2013-Ohio-3520, ¶ 5. For the sake of brevity, I will not repeat my entire dissent here. In short, "a party is estopped from seeking redaction of its own evidence that has been previously admitted in its complete form upon stipulation of the opposing party. Applying this standard to similar pertinent facts in the present case, I would say that the trial court erred in redacting the subject line from the forensic report." *Tomlinson*, 2012-Ohio-1441, at ¶ 55, *vacated*, *Tomlinson*, 2013-Ohio-3520, at ¶ 5.