[Cite as *State v. Lopez*, 2014-Ohio-5089.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

MIGUEL LOPEZ

    Appellant

C.A. No.    10CA009771

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    03CR4117

DECISION AND JOURNAL ENTRY

Dated: November 17, 2014

WHITMORE, Judge.

{¶1}    Defendant, Miguel Lopez, appeals from the judgment of the Lorain County Court of Common Pleas. This Court vacates our previous decision and affirms Lopez's convictions.

I

{¶2}    In 2003, Lopez was indicted on four counts of felonious assault with attendant firearm specifications. In September 2005, after discovery and on the morning his trial was set to begin, Lopez entered a plea of no contest. The trial court ordered a presentence investigation report and set the matter for sentencing. Subsequent to his change of plea and before sentencing, Lopez wrote a letter to the trial court indicating that he wanted to go to trial on his charges. The trial court construed Lopez's letter as a motion to withdraw his plea and scheduled a hearing. While Lopez's attorney was present at the hearing, Lopez argued his motion on his own behalf. The court denied his motion and proceeded immediately to sentencing. Lopez was sentenced to

seventeen years in prison. Lopez appealed, but this Court dismissed his appeal because he failed to file an appellate brief. *State v. Lopez*, 9th Dist. Lorain No. 05CA008844 (June 29, 2006).

{¶3} In 2009, Lopez filed motions in the trial court for resentencing because his sentencing entry did not include the manner of his conviction and failed to include proper notification of post-release control. The trial court conducted a de novo sentencing hearing in January 2010 and, again, sentenced Lopez to seventeen years in prison. Lopez appealed. *State v. Lopez*, 9th Dist. Lorain No. 10CA009771, 2010-Ohio-5926. In that appeal, Lopez argued, in part, that the trial court abused its discretion in denying his motion to withdraw his plea. *Id*. at ¶ 5-8. In affirming his convictions, this Court noted that Lopez had failed to provide transcripts of his hearings and concluded that without the transcripts Lopez could not establish that the court abused its discretion in denying his motion. Lopez requested this Court to reconsider its decision, but his motions were denied.

{¶4} In November 2011, Lopez filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Ohio. The magistrate's report and recommendation, which was adopted by the district court judge, found that Lopez's appellate counsel was ineffective for failing to file the transcripts of the hearings and that Lopez was prejudiced "because a reasonable probability exists that, but for that failure, the outcome of Lopez's appeal would have been different." (Internal quotations omitted.) *Lopez v. Gansheimer*, N.D.Ohio No. 1:11-CV-2534, 2012 WL 5052174, *8 (Sept. 21, 2012). The district court conditionally granted Lopez's petition and ordered him released from custody unless this Court granted him leave to reopen his appeal with court appointed counsel.

{¶5}   In December 2012, Lopez, through counsel, filed his application for reopening. In granting the reopening, this Court limited our review to the following two assignments of error that were raised in his application.

II

Assignment of Error Number One

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED WHEN IT FAILED TO GRANT APPELLANT LOPEZ'S MOTION TO WITHDRAW HIS PLEA OF NO CONTEST AS APPELLANT LOPEZ HAD A VIABLE CLAIM TO SUPPORT THAT MOTION AND PRESENTENCE MOTIONS TO WITHDRAW SHOULD BE FREELY GRANTED PER *STATE V. XIE*, 62 OHIO ST.3D 521 (1992).

{¶6}   In his first assignment of error, Lopez argues that the trial court abused its discretion when it denied his pro se motion to withdraw his no contest plea prior to sentencing. We disagree.

{¶7}   A defendant may move the trial court to withdraw his or her plea of guilty or no contest. Crim.R. 32.1. If the motion is made before sentencing, it "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). However, "[a] defendant does not have an absolute right to withdraw a [ ] plea prior to sentencing." *Id*. at paragraph one of the syllabus. Instead, the trial court must hold a hearing and "determine whether there is a reasonable and legitimate basis for the [motion to] withdrawal." *Id*. The trial court's decision to grant or deny a presentence motion to withdraw a plea is within the sound discretion of the trial court. *Id*. at paragraph two of the syllabus. An abuse of discretion indicates that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8}   On December 3, 2003, Lopez was indicted on four counts of felonious assault with four attendant firearm specifications. The case proceeded through discovery. On

September 20, 2005, the day his trial was set to begin, Lopez met with his attorney, an interpreter, and some family members for approximately two-and-a-half hours. After this meeting, Lopez changed his plea from not guilty to no contest. The court twice informed Lopez that it was his attorney's job to recommend what he believed was the best course of action, but that, ultimately, it was Lopez's decision whether to plead or proceed to trial. Lopez maintained that he understood this and wanted to enter a plea of no contest. The court ordered a presentence investigation report and set the matter for sentencing at a later date.

{¶9} Prior to sentencing, Lopez wrote a letter to the judge and requested a trial on his charges. In his letter, which the court treated as a motion to withdraw his plea, Lopez asserted that his attorney told him that he did not have any evidence in his defense and that he "would get over 20 years in prison if [he] took [his] case to trial[ ] and lost." Lopez further asserted that he had proof from "the Bal[l]istic[s] Investigator" that the bullets that had injured the victims did not come from his gun. Lopez admitted to firing a gun, but argued that he did not cause the victims' injuries. The court scheduled a hearing on Lopez's motion to withdraw his no contest plea.

{¶10} On October 24, 2005, the court held a hearing. Lopez's attorney informed the court that Lopez would be arguing his pro se motion on his own behalf. The court asked Lopez, through his interpreter, why he felt his plea should be withdrawn. Lopez informed the court that he wanted to withdraw his plea because he had "found out about" ballistics evidence that proved the bullets taken from the victims did not "belong" to his gun. It is unclear from the record what ballistics report Lopez was referencing.

{¶11} The State argued that defense counsel was "made aware from the beginning * * * that two guns were * * * used on the night [Lopez] shot three people and shot and missed the

fourth." According to the State, it had eyewitnesses and Lopez tested positive for gunshot primer residue ("GSR"). Additionally, the State explained, it had made all of the laboratory tests available to defense counsel throughout the discovery process. The State confirmed that there had been no new ballistics tests since Lopez pleaded no contest.

{¶12} The record contains three laboratory reports, all from the Bureau of Criminal Identification and Investigation ("BCI"). The reports are attached to the State's response to Lopez's discovery request. The first, dated December 15, 2003, found no latent prints on a Glock pistol. The second, dated December 19, 2003, compared eighteen 9 mm Luger caliber cartridge casings and two fired bullets with a 9 mm Luger pistol. The report concluded that 10 of the 18 cartridge casings were fired from the Luger pistol and 8 were fired from a different gun. It further concluded that the two fired bullets may have been fired from the Luger, but that there was insufficient detail to make a definitive determination. The last report, dated December 20, 2003, contained the results of GSR tests.

{¶13} There are notations on several journal entries from pre-trial conferences that indicate the parties were waiting on defendant's ballistic expert's report. The record contains no such report. The last notation was made on April 21, 2005, five months before Lopez entered his plea of no contest.

{¶14} Lopez argues that the trial court acted unreasonably when it denied his motion to withdraw his plea because he was "not given the opportunity to conduct discovery to find more evidence to bolster his claim of a second shooter being present." We disagree. Lopez was indicted in December 2003. He entered his no contest plea in September 2005, the day his trial was set to begin. Lopez was not denied an opportunity to conduct discovery on his claim of a second shooter. According to the State, its theory was always that Lopez fired two guns into the

crowd. The bill of particulars alleged that Lopez injured the victims with a Glock 9 mm. Moreover, Lopez spent approximately two-and-a-half hours with his attorney, interpreter, and family before entering a plea of no contest. The court conducted a colloquy and ensured Lopez understood that it was his decision whether to proceed to trial or plead.

**{¶15}** As for the ballistics report, Lopez argued that he wanted to withdraw his plea because he had learned of a ballistics report that proved the bullets from the victims did not "belong" to his gun. The record contains no such evidence. The State's ballistics reports, from December 2003, were disclosed to defense counsel during discovery. None of these reports list the owner or possessor of the 9 mm Glock or Luger pistol.

**{¶16}** Having reviewed the record, we conclude that the court did not abuse its discretion in denying Lopez's motion to withdraw his plea. There is no evidence in the record to support Lopez's contention that a ballistics report proves that he did not fire the shots that injured the victims. Additionally, Lopez had approximately 21 months to conduct discovery, was represented by counsel throughout the discovery process and at his change of plea hearing, the court conducted a full hearing on his change of plea, and Lopez was afforded a hearing on his pro se motion to withdraw his plea in which the court considered Lopez's arguments in support of his motion. *See State v. Rosemark*, 116 Ohio App.3d 306, 308 (9th Dist.1996) ("Where a defendant (1) is represented by competent counsel, (2) is given a full hearing before entering the plea, and (3) is given a hearing on the motion to withdraw during which the court considers the defendant's arguments in support of the motion, the trial court does not abuse its discretion in denying the plea withdrawal.").

**{¶17}** Lopez's first assignment of error is overruled.

Assignment of Error Number Two

APPELLANT LOPEZ'S TRIAL COUNSEL WAS INEFFECTIVE PER *STRICKLAND V. WASHINGTON* WHEN HE ABROGATED HIS DUTY TO ARGUE ON BEHALF OF HIS CLIENT REGARDING APPELLANT LOPEZ'[S] MOTION TO WITHDRAW [HIS] PLEA.

{¶18} In his second assignment of error, Lopez argues that his trial counsel was ineffective for failing to argue his pro se motion to withdraw and that had counsel argued the motion there is a "reasonable probability" that his motion would have been granted.

{¶19} To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that but for counsel's deficient performance the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). *Accord State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus. "This Court need not address both prongs of *Strickland* where an appellant fails to prove either prong." *State v. Bowerman*, 9th Dist. Medina No. 13CA00549-M, 2014-Ohio-4264, ¶ 26.

{¶20} Assuming without deciding that his attorney was deficient for failing to argue a motion filed by Lopez, we conclude that Lopez cannot establish prejudice based on the record. As discussed in his first assignment of error, Lopez was represented by counsel at the time he entered his plea of no contest, he was afforded a full hearing before entering his plea, and the trial court held a full hearing on his motion to withdraw his plea. *See Rosemark*, 116 Ohio App.3d at 308. There is nothing in the record to support Lopez's assertion that a ballistics report proved the bullets that injured the victims did not come from a gun that he fired. The State's theory was always that Lopez fired two guns into the crowd and shot the victims with a Glock 9

mm. While the BCI report found no latent fingerprints on the Glock pistol, it did not exclude Lopez as the person who shot that gun.

{¶21} Based on the record, we do not agree that had counsel argued Lopez's motion to withdraw his plea that there was a reasonable probability that the court would have granted his motion. *See State v. Mack*, 9th Dist. Medina No. 05CA0024-M, 2005-Ohio-6325, ¶ 13 (defendant not prejudiced by counsel's failure to raise unsubstantiated claim). Because Lopez cannot establish prejudice based on the record, his claim of ineffective assistance of counsel must fail. *See Strickland*, 466 U.S. at 691-692.

{¶22} Lopez's second assignment of error is overruled.

III

{¶23} This Court's opinion in *State v. Lopez*, 9th Dist. Lorain No. 10CA009771, 2010-Ohio-5926, is vacated. Lopez's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

CARR, P. J.
CONCURRING.

{¶24} I concur in the majority's resolution of Lopez' two assignments of error and agree that the trial court's judgment must be affirmed as to the two issues raised upon reopening. I would not, however, vacate this Court's prior opinion in *State v. Lopez*, 9th Dist. Lorain No. 10CA009771, 2010-Ohio-5926. Instead, I would confirm our prior opinion to the extent that it addresses issues not raised and disposed by this appeal on reopening.

{¶25} This Court granted Lopez' motion to reopen, yet limited his reopened appeal to issues regarding the denial of his motion to withdraw his plea. Our prior opinion, however, disposed of issues regarding Lopez' resentencing hearing. To vacate the prior opinion in toto would have the effect of limiting his direct appeal as of right to only the limited issues raised upon reopening, thereby negating his prior challenge to the manner in which the trial court resentenced him. I do not believe that the Supreme Court of Ohio intended App.R. 26(B) to be applied in such an unjust manner. By limiting the issues which may be raised in the reopened appeal, yet vacating our prior opinion, this Court's application of the rule deprives a criminal defendant of the full benefit of his direct appeal. *See State v. Murnahan*, 63 Ohio St.3d 60, 65

(1992) (recognizing the propriety of challenging ineffective appellate counsel via a motion for reconsideration and leading to the adoption of App.R. 26(B)). Just as a ruling on a motion for reconsideration would leave intact this Court's disposition of issues and assignments of error not challenged on reconsideration, so should our ruling on reopening. As it stands, a reopened appeal supplants a criminal defendant's direct appeal. The majority's directive vacating our prior opinion, therefore, has retroactively foreclosed any challenge by Lopez regarding resentencing. That Lopez in this case did not prevail in his prior challenge regarding resentencing must not guide our application of App.R. 26(B). Our vacation of our prior opinion gutted Lopez' direct appeal. Accordingly, I would confirm our prior opinion as to all issues not raised and addressed in this reopened appeal.


MOORE, J.
CONCURRING.

{¶26} I concur in the judgment of this case including the decision to vacate the trial court's judgment pursuant to App.R. 26. I write separately, however, to emphasize the position I articulated in my dissent in *State v. Tomlinson*, 9th Dist. Summit No. 27181, 2014-Ohio-5019. There I expressed my view that when this Court grants a motion to reopen a criminal appeal based upon a finding of ineffective assistance of legal counsel, we should not be limited in our consideration of assignments of error.


APPEARANCES:

PAUL ZINDLE, Appellate Review Office, School of Law, The University of Akron, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.