OPINION
{¶ 1} Following extradition from Pennsylvania, Defendant-Appellant (Carver) was charged and tried in Montgomery County Common Pleas Court on ten criminal charges, including Unauthorized Use of a Motor Vehicle, Five counts of Rape, Gross Sexual Imposition, Kidnapping, and Felonious Assault. The jury found Carver guilty on the charges of Unauthorized Use, Kidnapping, and Felonious Assault. He was found not guilty on four of the rape charges, and the jury was unable to agree on one rape charge and the charge of gross sexual imposition.
 Assignment of Error I The trial court erred in overruling defendant's motion to dismiss. {¶ 2} Carver argues that the court should have dismissed the indictments as a consequence of preindictment delays. All of the indictments and counts allege that the operative facts took place on August 29, 2003.
 {¶ 3} On September 12, 2005, Carver was indicted on the unauthorized use charge. He was arrested on this charge on February 4, 2005, in Pennsylvania, where he was arraigned and agreed to waive extradition as to an outstanding warrant for parole violation. Carver was indicted for the other offenses on March 10, 2005, after he was returned to Ohio.
 {¶ 4} Carver's claim of prejudice is that he was unable to call witnesses on his behalf that may have had knowledge of the facts and circumstances. The trial court found that any delay did not cause substantial prejudice to his right to a fair trial, a condition precedent to relief per State v. Luck (1984),15 Ohio St.3d 150, 472 N.E.2d 1097, and U.S. v. Marion (1971),404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468. The trial court also heard testimony that the state's delay as to the sex offenses was a consequence of its desire to interview Carver before taking legal action.
 {¶ 5} In this regard we find that the court neither abused its discretion nor acted contrary to law. Thus, the First Assignment of Error is overruled.
 Assignment of Error II The trial court erred because the jury returned inconsistent verdicts. {¶ 6} Appellant argues that the court erred in accepting inconsistent verdicts, i.e. since the jury did not find him guilty on any of the rape charges, it is fatally inconsistent to find him guilty of the kidnapping charge, which, by definition, requires a finding of sexual purpose. Appellee claims favor ofState v. Washington (1998), 126 Ohio App.3d 264,710 N.E.2d 307, for the proposition that inconsistent responses to different counts of an indictment do not rendered the verdicts invalid. The challenge is to be, rather, directed to the weight and sufficiency of the evidence on the charge for which the defendant was found guilty. See Assignment of Error III. We overrule this Assignment of Error on the authority of Washington, supra.
 Assignment of Error III The trial court erred in upholding the convictions because there was insufficient evidence to convict defendant of kidnapping, felonious assault and unauthorized use of a motor vehicle. {¶ 7} In reviewing the sufficiency of the evidence on the challenged charges we determine whether the evidence, construed most favorably to the prosecution, is legally sufficient to support the verdict. State v. Thompkins (1997),78 Ohio St.3d 380.
 {¶ 8} Stated another way, we are to inquire whether a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259.
 {¶ 9} We begin with Carver's claim that the State failed to present evidence sufficient to sustain a conviction for Kidnapping because it failed to show that he engaged in sexual conduct against the victim's will or that he restrained her from leaving her apartment. We find this argument lacks merit.
 {¶ 10} Kidnapping is proscribed by R.C. 2905.01. That statute provides, in pertinent part, as follows:
 {¶ 11} "(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes: * * * (4) To engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against the victim's will."
 {¶ 12} "Sexual Activity" is defined by R.C. 2907.01(C) as including "sexual conduct or sexual contact, or both." "Sexual conduct" means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another." R.C. 2907.01(A). "Sexual contact" means "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).
 {¶ 13} The record contains evidence upon which the jury could reasonably find that Carver restrained the victim and forced her into a bedroom of her apartment where he proceeded to engage in sexual conduct with her. From a totality of the testimony it is clear that each of the elements of the crime is supported by credible evidence. Notwithstanding the verdicts on the rape charges, the kidnapping charge, standing alone, is supported.
 {¶ 14} Carver next contends that the State failed to produce evidence sufficient to support the conviction for Felonious Assault. The statute proscribing Felonious Assault provides that no one shall cause "serious physical harm" to another. The term "serious physical harm" is defined by R.C. 2901.01(A)(5) to include the following "any physical harm which carries a substantial risk of death" or "any physical harm which involves * * * some temporary, substantial incapacity."
 {¶ 15} Construing the evidence in a light most favorable to the State, as we are required to do, there was sufficient evidence which demonstrated that the victim suffered serious physical harm. The victim testified that Carver repeatedly grabbed her neck and choked her during the commission of the instant offenses. Indeed, she testified that Carver choked her so violently that she began to lose consciousness. We conclude that the jury's finding that Carver's conduct with the victim caused a substantial risk of death or, minimally, a substantial risk of temporary incapacity, is supported by the evidence.
 {¶ 16} Next Carver contends that the conviction for Unauthorized Use of a Motor Vehicle is not supported by sufficient evidence. In support, he argues that the evidence demonstrates that he had permission to use the vehicle. He further argues that the evidence does not demonstrate that he took the vehicle. We disagree.
 {¶ 17} The jury's finding is supported by substantial, credible evidence that the vehicle and its keys were taken by Carver, that he was seen driving the car thereafter, and that the car was found in North Carolina at the place where Carver's son lived.
 {¶ 18} The third Assignment of Error is overruled.
 Assignment of Error IV The trial court erred because the convictions were against the manifest weight of the evidence and must be reversed. {¶ 19} Upon our independent review of the evidence we find that each of the verdicts is supported by sufficient competent and credible evidence such as permits reasonable minds to determine guilty beyond a reasonable doubt. See State v.Thompkins (1997), 78 Ohio St.3d 380. The fourth Assignment of Error is overruled.
 {¶ 20} The judgment of the Montgomery County Court of Common Pleas is affirmed.
Wolff, J., and Donovan, J. concur.
(Hon. John R. Milligan, retired from the Fifth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).