[Cite as *State v. Kovach*, 2020-Ohio-3389.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                                       :
                                                    :
      Plaintiff-Appellee                       :   Appellate Case No. 28500
                                                    :
v.                                                  :   Trial Court Case No. 2019-CR-893
                                                    :
MICHAEL KOVACH                                      :   (Criminal Appeal from
                                                    :   Common Pleas Court)
      Defendant-Appellant                      :
                                                    :

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of June, 2020.

. . . . . . . . . . .

MATHIAS H. HECK JR. by JAMIE J. RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

TRAVIS KANE, Atty. Reg. No 0088191, 130 West Second Street, Suite 460, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Michael Kovach appeals from his conviction on one count of aggravated burglary, a first-degree felony.

{¶ 2} In his sole assignment of error, Kovach contends his conviction was against the manifest weight of the evidence.

{¶ 3} The record reflects that Kovach was indicted on one count of aggravated burglary, one count of kidnapping, and one count of domestic violence. The charges stemmed from an incident that occurred on March 9, 2019. After being allowed into the victim's house, Kovach and the victim became involved in a dispute. The victim, M.W., alleged that Kovach refused her request to leave and then proceeded to break down the locked door to her bedroom, where she had retreated. According to M.W., he then assaulted her for hours before a friend of hers arrived and caused Kovach to flee.

{¶ 4} The case proceeded to a July 2019 jury trial on the charges of aggravated burglary and kidnapping after the State nolled the domestic-violence charge. The State's primary witnesses at trial were M.W. and her friend, Jeffrey. M.W. testified that on March 9, 2019, she had arranged to wash her laundry at Kovach's residence on Lucerne Avenue in Dayton. M.W. and Kovach had been involved in an on-and-off relationship. On the afternoon of March 9, Kovach arrived at M.W.'s house to accompany her to his home. After a third party allowed Kovach to enter, M.W. asked Kovach to go get her a pack of cigarettes while she finished getting ready. Kovach took offense, and an incident ensued. M.W. repeatedly asked Kovach to leave her home. She admitted shoving him when he refused. Kovach shoved her back, and she responded by hitting him in the arm with nunchucks. Kovach still did not leave, so M.W. retreated to her upstairs bedroom and locked the door. According to M.W., Kovach followed her and broke down her bedroom

door. M.W. testified that hours of abuse by Kovach followed. Upon entering her bedroom, he head-butted and choked her. At some point, M.W. tried to escape to her daughter's nearby bedroom, but Kovach caught her. He pinned her down on her back and poured juice in her face. He then held a large cinder block over her face as if he were going to drop it on her. He also punched and bit M.W. in various places on her body. Eventually, they returned to M.W.'s bedroom, where Kovach began accusing her of having sex with someone else. Kovach claimed he could tell whether she had done so by digitally penetrating her. M.W. allowed him to do so, and they engaged in sexual intercourse.

{¶ 5} M.W.'s friend, Jeffrey, arrived at the house while she and Kovach were having sex. Jeffrey testified that he went upstairs and saw M.W.'s bedroom door in pieces. He also saw Kovach with his pants down as M.W. covered herself with a tee shirt. Jeffrey testified that he observed swelling and bruising on M.W.'s face. According to Jeffrey, Kovach began repeating that what was happening was "consensual." When Kovach refused Jeffrey's demand to leave, Jeffrey punched him in the mouth. Kovach ran downstairs, and Jeffrey chased him off of the property.

{¶ 6} Kovach testified in his own defense. He admitted shoving M.W. after she shoved him. He also acknowledged that she hit him on the arm with nunchucks. According to Kovach, the incident was minor. He claimed to have proceeded upstairs to M.W.'s bedroom, where he listened to music and was "drawing stuff" for virtually the entire *seven to eight hours* that he was in the house. All that time, M.W. was busy "getting her laundry together." (Trial Tr. at 352, 368-369.) When asked on cross-examination about it taking so long for M.W. to gather her laundry, Kovach insisted that it was not unusual and that seven to eight hours was less time that it normally took her. (*Id.* at 376.) He also claimed

that M.W. had no visible injuries and that her door was not broken while he was in the house. (*Id.*)

{¶ 7} The jury found Kovach guilty of aggravated burglary but not guilty of kidnapping. The trial court imposed a four-year prison sentence.

{¶ 8} On appeal, Kovach argues that his aggravated burglary conviction was against the manifest weight of the evidence. When a conviction is challenged on appeal as being against the weight of the evidence, " '[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of fact to resolve. *State v. Cassell*, 2d Dist. Clark No. 09CA0064, 2011-Ohio-23, ¶ 48, citing *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). "Because the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (August 22, 1997).

{¶ 9} With the foregoing standards in mind, we conclude that Kovach's aggravated

burglary conviction was not against the manifest weight of the evidence. Kovach was convicted under R.C. 2911.11(A)(1), which provides:

(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if * * *:

(1) The offender inflicts, or attempts or threatens to inflict physical harm on another.

{¶ 10} M.W.'s testimony established each of the foregoing elements. She testified that Kovach broke down her locked bedroom door and entered the room despite her prior requests for him to leave her house. This testimony supported a finding that Kovach trespassed by force in an occupied structure or in a separately secured or separately occupied portion of an occupied structure—the bedroom—when M.W. was present. M.W. further testified that Kovach immediately proceeded to assault her and threaten to assault her in various ways for hours. This testimony supported a finding that Kovach trespassed in her bedroom with the purpose to commit a criminal offense and a finding that he inflicted and threated to inflict physical harm. M.W.'s version of events was corroborated by Jeffrey's testimony that he saw the broken-down bedroom door and saw injuries to M.W.'s face when he entered the house and discovered Kovach and M.W. together upstairs. M.W.'s claims also are corroborated by photographs depicting her various injuries.

{¶ 11} Kovach's argument in response is that the jury acquitted him of kidnapping.

He reasons that the same testimony from M.W. that supported an aggravated burglary conviction also supported a kidnapping conviction. According to Kovach, the only explanation for his acquittal on the kidnapping charge is that the jury did not find M.W. credible. He asserts that such a conclusion is at odds with his aggravated burglary conviction, which largely depended on M.W.'s testimony. Therefore, Kovach contends "the jury lost its way and was confused when it reached conflicting verdicts on the basis of the witnesses' testimony." (Appellant's brief at 5-6.)

{¶ 12} We find Kovach's argument to be unpersuasive. Even if we assume, purely arguendo, that the aggravated burglary conviction logically was inconsistent with the kidnapping acquittal, such a scenario would not warrant reversal of the conviction. Inconsistent responses to different counts in an indictment will not render a conviction invalid. *State v. Carver,* 2d Dist. Montgomery No. 21328, 2006-Ohio-5798, ¶ 6 (finding no impermissible inconsistency where the jury convicted the appellant of kidnapping but acquitted him of rape); *State v. Hawkins*, 2d Dist. Montgomery No. 21691, 2007-Ohio-2979, ¶ 23 (recognizing that each count of an indictment is independent and that a verdict as to one count is independent of, and unaffected by, the verdict on other counts). Therefore, Kovach's acquittal on the kidnapping charge did nothing to render his separate aggravated burglary conviction against the manifest weight of the evidence.

{¶ 13} As to whether the weight of the evidence supported Kovach's aggravated burglary conviction, we conclude that it does. M.W. testified that Kovach refused to leave her house, forcibly broke down her bedroom door, and assaulted her for hours. Jeffrey corroborated M.W.'s testimony insofar as he saw the broken door and observed injuries to her face when he found Kovach and M.W. together in the upstairs bedroom. In his own

testimony, Kovach insisted that he simply waited in M.W.'s bedroom, listening to music and drawing, for seven or eight hours while M.W. gathered her laundry. We do not believe the jury clearly lost its way in resolving this conflicting testimony and assessing the credibility of the witnesses. The present case is not one in which the evidence weighed heavily against Kovach's conviction.

{¶ 14} Kovach's assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Jamie J. Rizzo
Travis Kane
Hon. Mary Katherine Huffman